WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
121 N. 9th St., Ste. 300
P.O. Box 1776
Boise, ID  83701-1776
Telephone:  (208) 345-7800
Fax:  (208) 345-7894
wmthomas@thomaswilliamslaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES E. RICHARDS, individually, and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>vs.<br><br>CANYON COUNTY, a governmental entity and a local political subdivision of the State of Idaho,<br><br>               Defendant. | Case No.  1:12-cv-00424-____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, James E. Richards, through his counsel, William H. Thomas of Thomas, Williams & Park, LLP, individually and on behalf of others similarly situated, for his claims against Defendant states:

COMPLAINT AND JURY DEMAND, P.1

## INTRODUCTORY STATEMENT

1.     This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, on behalf of current and former employees of Canyon County, Idaho ("Canyon County" or the "County") who performed service in the uniformed services and who were required by Canyon County to use accrued vacation, similar leave or to work compensatory hours during the employees' periods of service in the uniformed services.

2.     From the date of the enactment of USERRA through the present, Canyon County maintained and implemented a uniform practice which required that absences from work for performance of periods of service in the uniformed services be deducted from vacation leave accumulations ("Vacation Deduction Practice").

3.     As a result of the County's Vacation Deduction Practice, Plaintiff seeks a declaration that Canyon County has violated USERRA, 38 U.S.C. § 4316, with respect to requiring employees to use vacation leave accumulations for periods of service the uniformed services and an order requiring the County to compensate Plaintiff and all members of the Class so that all current and former Canyon County employees receive the full benefits of their employment, as well as any compensation or other equitable relief that will make them whole for Canyon County's violations of USERRA.

## JURISDICTION AND VENUE

4.     Subject matter jurisdiction is conferred on this Court by 38 U.S.C. § 4323(b)(3). This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under laws of the United States and under 28 U.S.C. § 1343(a)(4), because Plaintiff seeks to secure relief under an Act of Congress that protects civil rights.

COMPLAINT AND JURY DEMAND, P.2

5. Venue is proper in this district under 38 U.S.C. §4323(c)(1) and 28 U.S.C. § 1391(b)(2). The practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Idaho, and venue is proper in the Southern Division of the United States District Court for the District of Idaho under D.Id.L.Civ.R. 3.1.

## PARTIES

6. Plaintiff, James E. Richards, was employed by Canyon County as a deputy sheriff from February 28, 2008 to May 30, 2012.

7. Plaintiff has twenty seven (27) years of service in the uniformed services. In 1984 Plaintiff enlisted in the United States Marine Corps and was honorably discharged in 1989. In 1991 Plaintiff enlisted in the Idaho Army National Guard and in 2011 was promoted to his current rank of Sergeant First Class. At all relevant times to this Complaint, Plaintiff was eligible for all benefits provided under USERRA.

8. Defendant, Canyon County, is a body politic and corporate and is a true public corporation and is an "Employer" as that term is defined in 38 U.S.C § 4303(4). The County is and from October 13, 1994 until the present a USERRA Employer.

## CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons:

(1) all former and current Employees, as defined in 38 U.S.C. § 4303(3), employed by Canyon County from October 13, 1994 to the present (the "Relevant Time");

(2) who performed service in the uniformed services and who were required by Canyon County to use accrued vacation, similar leave or to work compensatory hours during the employees' periods of service in the uniformed services during the Relevant Time;

(3) and, who were denied wages or salary and the benefits, as benefits is defined in 38 U.S.C. § 4303(2), including any advantage, profit, privilege, gain, status, account, or interest that accrued under a Canyon County pension plan, a health plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

10. This action is properly maintainable because the requirements of Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure are met.

## NUMEROSITY – IMPRACTICABILITY OF JOINDER

11. The class is so numerous that joinder of all members is impracticable. Upon information and belief, at present the County employs over 750 persons, the number of employees who performed service in the uniformed services during the Relevant Time is unknown at this time but, upon information and belief, more than 25 persons are members of the proposed class.

## COMMONALITY

12. Canyon County has had a uniform practice, during the Relevant Period, which required that Canyon County employees use accrued vacation, similar leave or to work compensatory hours for time they spent during the employees' periods of service in the uniformed services. The County's practice required that absences from work for performance of periods of service in the uniformed services be deducted from vacation leave accumulations. This practice was applied uniformly to each member of the Class.

13. The central question in this litigation is whether Canyon County's practice of requiring class members to use accrued vacation, similar leave or to work compensatory hours for time they spent during the employees' periods of service in the uniformed services violated USERRA.

14. Plaintiff's claim raises questions of law or fact common to the Class that are central to the validity of the claim of each class member.

15. The subsidiary common question is whether Canyon County willfully violated USERRA such that the County should be required to pay liquidated damages to former and current employees who were denied wages and benefits due to the County's violations of USERRA.

16. As Canyon County had a uniform practice of requiring deductions from accrued vacation, similar leave or to work compensatory hours they spent during the employees' periods of service in the uniformed services, Plaintiff and all other members of the Class suffered the same type of injury based on the same type of practice, and resolving the claims of all members of the Class will be based on common legal and factual questions.

## TYPICALITY

17. Plaintiff's claims are typical of the other members of the Class. Plaintiff Richards and each member of the Class were subject to Canyon County's employment practice of requiring deductions from accrued vacation, similar leave or to work compensatory hours they spent during the employees' periods of service in the uniformed services.

18. Additionally, the relief sought also includes injunctive relief seeking to end Canyon County's employment practice of requiring deductions from accrued vacation, similar

leave or to work compensatory hours they spent during the employees' periods of service in the uniformed services.

## ADEQUACY

19. Plaintiff will fairly and adequately protect the interests of other members of the Class.

20. Defendant has no unique defenses against Plaintiff that would interfere with Plaintiff's representation of the Class.

21. Plaintiff has engaged counsel who are experienced in federal court class-action litigation and have expertise in employment law including USERRA.

## RULE 23(b)(1)

22. This action is also properly maintainable as a class action under Rule 23(b)(1) of the Federal Rules of Civil Procedure because the central question is whether Canyon County's practice of requiring deductions from accrued vacation, similar leave or to work compensatory hours they spent during the employees' periods of service in the uniformed services violates USERRA.

23. The Class should be certified as a class action to avoid the risk of inconsistent or varying adjudications. Resolution of whether Canyon County's practice of requiring deductions from accrued vacation, similar leave or to work compensatory hours they spent during the employees' periods of service in the uniformed services violates USERRA would be dispositive of that matter for other members of the Class.

## RULE 23(b)(2)

24. This action is also properly maintainable as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

25. Canyon County's practice of requiring deductions from accrued vacation, similar leave or to work compensatory hours they spent during the employees' periods of service in the uniformed services was a practice that was applied to all members of the Class. As such the County has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory relief is appropriate respecting the Class as a whole.

26. The monetary relief that Plaintiff seeks either flows from and/or is incidental to the declaratory relief sought, as it flows directly from the ordering of such declaratory relief and can be calculated in a simple, objective and mechanical manner.

### RULE23(b)(3)

27. This action is also properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. The questions of law and fact common to members of the Class predominate over questions affecting only individual members and a class action is superior to other available methods for the fair and efficient resolution of this controversy. By resolving the common issues described above in a single class proceeding, each member of the proposed Class will receive a determination of whether Canyon County violated his or her rights under USERRA and that remedy should be provided under USERRA.

29. There are no difficulties in managing this case as a class action.

### FACTUAL ALLEGAIONS

30. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 29.

31. During Plaintiff's employment with Canyon County, Plaintiff took leave that qualified as service in the uniformed services under USERRA, 38 U.S.C. § 4303(13).

32. During Plaintiff's employment with Canyon County, Canyon County required Plaintiff to deduct the hours he spent in service in the uniformed services from his accumulated vacation time or he was required to work extra compensatory time to make up for the time spent on his military duties. According to Plaintiff's pay records, the County required Plaintiff to use vacation or compensatory time on the following dates:

(a) On October 4, 2008, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

(b) On March 9, 2009, 9 hours of vacation time was used for Plaintiff's service in the uniformed services;

(c) On May 7, 2009, 12.25 hours of a make up day was used for Plaintiff's service in the uniformed services;

(d) On December 5, 2009, .75 of compensatory time was used for Plaintiff's service in the uniformed services;

(e) On April 10, 2012, 9 hours of vacation time was used for Plaintiff's service in the uniformed services;

(f) On August 15, 2010, 2.5 hours of vacation time was used for Plaintiff's service in the uniformed services;

(g) On August 16, 2012, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

(h) On August 17, 2010, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

(i) On August 31, 2010, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

COMPLAINT AND JURY DEMAND, P.8

    (j) On September 1, 2010, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (k) On September 2, 2010, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (l) On September 3, 2010, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (m) On December 5, 2010, .75 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (n) On January 8, 2011, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (o) On January 9, 2010, 1 hour of vacation time was used for Plaintiff's service in the uniformed services;

    (p) On March 5, 2011, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (q) On April 30, 2011, 1.25 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (r) On May 1, 2011, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (s) On November 6, 2011, .75 hours of vacation time was used for Plaintiff's service in the uniformed services;

    (t) On December 3, 2011, .75 hours of vacation time was used for Plaintiff's service in the uniformed services;

COMPLAINT AND JURY DEMAND, P.9

(u) On February 11, 2012, 1.25 hours of vacation time was used for Plaintiff's service in the uniformed services;

(v) On February 12, 2012, 1.25 hours of vacation time was used for Plaintiff's service in the uniformed services;

(w) On April 14, 2012, 1.25 hours of vacation time was used for Plaintiff's service in the uniformed services;

(x) On April 15, 2012, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

(y) On May 5, 2012, 12 hours of vacation time was used for Plaintiff's service in the uniformed services;

(z) On May 6, 2012, 6.3 hours of vacation time was used for Plaintiff's service in the uniformed services;

33. Each member of the Class took military leave that qualified as "service in the uniformed services" under USERRA, 38 U.S.C. §4303(13), between October 13, 1994, and the present. During that period of time it was Canyon County's practice to require Class members to deduct the hours they spent in service of the uniformed services from accumulated vacation time, other leave or to work extra compensatory time to make up for the time spent on their military duties.

## CLAIM FOR RELIEF

### (VIOLATION OF USERRA 38 U.S.C. § 4316)

34. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 32.

35. USERRA, 38 U.S.C. § 4316(b)(1) provides that "[n]o employer may require such person ["a person who is absent from a position of employment by reason of service in the uniformed services"] to use vacation, annual, or similar leave during such period of service."

36. Upon information and belief, since October 13, 1994, but no less recently than October 2008, Canyon County has required persons who are absent from their position of employment by reason of service in the uniformed services to use vacation, annual, or similar leave during such period of service and/or has required such person to work compensatory time to make up for the absences.

37. By requiring persons who are absent from their positions of employment by reason of service in the uniformed services to use vacation, annual, or similar leave during such periods of service and/or requiring such persons to work compensatory time to make up for the absences, Canyon County has violated USERRA, 38 U.S.C. § 4316(b)(1).

38. Upon information and belief, since October 13, 1994, but not less recently than October 2008, knew that its practice of requiring persons who are absent from their positions of employment by reason of service in the uniformed services to use vacation, annual, or similar leave during such periods of service and/or requiring such persons to work compensatory time to make up for the absences violated USERRA, 38 U.S.C. § 4316(b)(1) and such violation was willful under USERRA, 43 U.S.C. § 4323(d)(1)(C).

39. As a direct and proximate result of Canyon County's violations of USERRA, Plaintiff and individual Class members suffered monetary damages and loss of benefits in amounts to be proven at trial.

**DECLARATORY JUDGMENT**

40. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 38.

COMPLAINT AND JURY DEMAND, P.11

41. Plaintiff and Class members also request a declaration by this Court that Canyon County violated USERRA through its practice of requiring persons who are absent from their positions of employment by reason of service in the uniformed services to use vacation, annual, or similar leave during such periods of service and/or requiring such persons to work compensatory time to make up for the absences and order Canyon County to comply with the provisions of USERRA.

42. Pursuant to USERRA, 38 U.S.C. § 4323(e), Plaintiff and the Class request that the Court exercise its equity powers and issue an injunction to enjoin Canyon County from continuing its practice requiring persons who are absent from their positions of employment by reason of service in the uniformed services to use vacation, annual, or similar leave during such periods of service and/or requiring such persons to work compensatory time to make up for the absences.

## COSTS AND ATTORNEY FEES

43. As a result of Canyon County's violations of USERRA, to enforce the provisions of USERRA and to recover Plaintiff's and the Class members' lost wages and benefits, Plaintiff retained private counsel. Pursuant to USERRA, 38 U.S.C. § 4323(h)(2), Plaintiff and the Class are entitled an award of reasonable attorney fees, expert witness fees, and other litigation expenses.

## PRAYER

WHEREFORE, Plaintiff and the Class pray that judgment be entered against Defendant on all claims as follows:

A. Declare that Defendant's practice of requiring persons who are absent from their positions of employment by reason of service in the uniformed services to use vacation, annual,

or similar leave during such periods of service and/or requiring such persons to work compensatory time to make up for the absences violated the rights of Plaintiff and the Class under USERRA;

    B. Enjoin Defendant from continuing its practice of requiring persons who are absent from their positions of employment by reason of service in the uniformed services to use vacation, annual, or similar leave during such periods of service and/or requiring such persons to work compensatory time to make up for the absences;

    C. Require Defendant to pay damages in an amount to fully compensate Plaintiff and each individual Class member for lost wages and benefits as a result of Defendant's failure to comply with USERRA and accrued interest thereon;

    D. Order Defendant to pay Plaintiff and all Class members liquidated damages in an amount to be determined at trial;

    E. Require Defendant to pay attorney fees, expert witness fees and other litigation expenses and/or ordering the payment of reasonable fees and expenses in this action to Plaintiff's Counsel on the basis of the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

    F. Grant such other and further relief as the Court deems proper, just and/or equitable.

///

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues raised by this Complaint.

DATED THIS 16th day of August, 2012.

THOMAS, WILLIAMS & PARK, LLP

William H. Thomas
Attorneys for Plaintiff