# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| JAMES E. RICHARDS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>CANYON COUNTY, a governmental entity and local political subdivision of the State of Idaho,<br><br>      Defendant. | Case No.: CV 12-00424-S-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending before the Court is Plaintiff James E. Richards's Motion to Certify Class (Dkt. 14). Having carefully reviewed the record, heard oral argument, and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order.

## BACKGROUND

Federal law prohibits discrimination based on military status and specifically prohibits an employer from requiring any person serving in the uniformed services "to use vacation, annual, or similar leave" during a period of military service. Richards sues under this law, known as the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, alleging that former and current employees of Canyon County, Idaho who performed service in the uniformed services were required by Canyon County's practice or policy to use accrued vacation, similar leave or to work compensatory hours during the employees' periods of service in the uniformed services. Compl., ¶ 1 (Dkt. 1).

**MEMORANDUM DECISION AND ORDER - 1**

For his part, Richards alleges that he was required to use 202.80 hours of vacation leave time[1] for his service in the uniformed services[2] while he was employed as a deputy sheriff by the Canyon County Sheriff's Office.  Compl., ¶ 32; *see* Goodsell Decl., Ex. G (Dkt. 19).

Richards filed the pending class certification motion on July 29, 2013.  Defendant Canyon County ("the County") challenged Richards' standing to bring his claim, arguing that (a) he is no longer employed by Canyon County and therefore cannot seek injunctive relief, and (b) he has not suffered compensatory damages.  The County also contends that at least some claims of the proposed class are barred by the statute of limitations.  These issues are threshold questions and will be considered first.

## STANDING

Richards concedes that he lacks standing to seek injunctive relief, but maintains that he has standing to bring a claim for money damages.  Pl.'s Reply, pp. 3-4 (Dkt. 21).  *See, e.g., Wang v. Chinese Daily News,* 2013 WL 4712728, *4 (9th Cir. Sept. 3, 2013) (noting that none of the named plaintiffs had standing to pursue injunctive relief on behalf of the class, as none was a current employee of the defendant).  The County contends, however, that Richards was paid for all accrued vacation leave when he ended his employment with Canyon County.  Hence, according to the County, Richards was ultimately fully compensated for all his vacation leave, either when used in conjunction with military leave or when he was paid for all his accrued vacation leave at the end of his employment, regardless of whether he was "required" to use his

---

[1]  This calculation also includes 12.25 hours of a make up day and .75 hours of compensatory time.  *See* Compl., ¶ 32.

[2]  Richards agrees that he was paid for all his accrued vacation leave when he left his employment with Canyon County.  Goodsell Decl., Ex. C, *Richards Dep.*, p. 76 (Dkt. 19).

**MEMORANDUM DECISION AND ORDER - 2**

vacation leave for his periods of military service.  Richards does not dispute having been so paid, but contends that he has been injured separate and apart from any direct pay compensation for the vacation time – in other words, he distinguishes the fact of having received his regular vacation pay from his loss of use of vacation benefits.  *See* Pl.'s Reply, p. 5 (Dkt. 21).

Richards is correct that USERRA defines benefits to includes "vacations" and that an aggrieved plaintiff may seek remedies that include compensation for "any loss of wages or benefits suffered."  38 U.S.C. §§ 4303(2); 20 C.F.R. Part 1002.312.  One might think that the discrete issue at play in this lawsuit has been encountered elsewhere, but the parties, and the Court's own research, have only uncovered a single decision considering similar facts.  In *Miller v. City of Indianapolis*, the plaintiffs were allowed fifteen calendar days of military leave under state law and when those days were exhausted, their employer charged their vacation leave. 2001 WL 406346, *2 (S.D. Ind. April 13, 2001).  The court stated it had "no problem concluding that vacations benefits are a 'benefit of employment.'" *Id*. at *7.  That court dismissed the plaintiffs' claims, however, because there was no evidence they were "*required* to use vacation benefits after exhausting their military leave."[3]  *Id*. (emphasis added).

The task, then, is to determine whether Richards's argument as to the "vacation benefits" being something different than "vacation pay" is of any consequence under applicable law. Significantly, USERRA does not allow recovery for punitive or emotional damages.  The statute does, however, allow recovery of lost wages or benefits (38 U.S.C. § 4323(d)(1)(B)), liquidated damages equal to the wages or benefits lost if the violation was willful *(*§ 4323(d)(1)(C)), equitable remedies, (§4323(e)), and attorney fees (§ 4323(h)).

---

[3] One of the distinctions between *Miller* and this case is that Richards alleges that he, and other members of the proposed class, were *required* to use vacation leave.

**MEMORANDUM DECISION AND ORDER - 3**

The County contends that where Richards has been compensated with pay for all his vacation time, either when used in conjunction with military leave or when his employment ended, there can be no other benefits for which he is entitled to be compensated.  The Court has pondered this issue at some length and has concluded that the issue needs more development from the parties than the rather cryptic and somewhat attenuated attention it has received previously.[4]  Further, the issue needs to be answered sooner than later, as issues of standing are best resolved before determining whether to certify a class, and the Court would prefer to have a complete record and full argument on the standing issue before making its ruling.

## STATUTE OF LIMITATIONS

The complaint in this case was filed on August 16, 2012.  Therefore, the County contends that the four year statute of limitations found at 28 U.S.C. § 1658(a)[5] bars any claims arising from conduct that occurred before August 16, 2008.

On October 10, 2008, Congress enacted 38 U.S.C. § 4327(b) of USERRA which prohibits the application of any statute of limitations to USERRA claims.  Previously, the four-year "catch-all" statute of limitations found at 28 U.S.C. § 1658(a) was applied to USERRA

---

[4]  Richards's argument appears to draw, in part, upon the theory that Richards would have chosen to do something else with his "vacation" time (than spend it on his required military training) had he been permitted to do so even if he were not being paid for such time, because his vacation pay was applied to the military training days.  The Court can certainly envision that some people might rather go fishing in the mountains, or ride a jet ski on a lake, than operate a tank in summer training exercises in the desert. However, it is inescapable that such considerations are very much a subjective assessment, and other people might well prefer the tank to the fly rod.  How then, does one determine from the statute what is meant by vacation "benefits" if Richards's argument is that the term includes something other than paid days off?

[5]  28 U.S.C. § 1658(a) provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."

**MEMORANDUM DECISION AND ORDER - 4**

claims.  *See Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2004).  Even so, most courts have

held § 4327(b) cannot be applied retroactively to revive claims that otherwise would have been

barred at the time of the statute's enactment.  *See Middleton v. City of Chicago*, 578 F.3d 655

(7th Cir. 2009); *Baldwin v. City of Greensboro*, 714 F.3d 828 (4th Cir. 2013).  Accordingly, a

claim arising in this case from conduct which occurred after August 16, 2008 is *not* barred.

Further, some courts have held that claims arising from conduct that occurred four years

prior to the effective date of § 4327(b) are also timely.  *See, e.g. Andritzky v. Concordia Univ.

Chicago,* 2010 WL 1474582, *4-5 (N.D. Ill. April 8, 2010) (dismissing claims of USERRA

violations that arise from events occurring more than four years prior to § 4327(b)'s effective

date as defendants "had no protected interest after that date").  This Court agrees that the

enactment of § 4327(b) was to preserve a four-year window prior to the date of the enactment for

future claims, whenever filed; therefore, any claim arising *after* October 10, 2004 (the effective

date of the statute was October 10, 2008) is timely.

This holding does not affect Richard as his claims stem from conduct that first occurred

in October 2008.  The record, however, does suggest that at least seven members of the proposed

class of 54 have claims that may be barred as arising from conduct that occurred prior to October

10, 2004.[6]

## MOTION TO CERTIFY CLASS STANDARD

A court's decision to certify a class is discretionary, with FRCP 23 guiding the court's

exercise of that discretion.  *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th

---

[6]  At least seven members of the proposed class ended their employment prior to October
10, 2004 and therefore could not bring claims.   *See* Eiband Aff., Ex. C (Dkt. 20).

**MEMORANDUM DECISION AND ORDER - 5**

Cir. 2009).  The burden is upon plaintiff to demonstrate *each* of the *four* requirements of FRCP 23(a) *and* at least *one* of the three requirements of FRCP 23(b).  *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007).

The four elements of FRCP 23(a) are (1) that the proposed class is sufficiently numerous; (2) that it presents common issues of fact or law; (3) that it will be led by one or more class representatives with claims typical of the class; and (4) that the class representatives will adequately represent the class.  *See Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982); *see also* Fed. R. Civ. P. 23(a)(1)-(4).  Assuming such FRCP 23(a) requirements are met, the plaintiff must also show that the proposed class action meets one of the three requirements of FRCP 23(b).[7]  Here, Richards invokes only FRCP 23(b)(3), which requires him to show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Rule 23 is not a "mere pleading standard." Instead, it places an evidentiary burden on a plaintiff who hopes to represent a class.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541,

---

[7]  The three alternative requirements of Rule 23(b) are:

> (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

*Wal-Mart, Inc. v Dukes*, 509 F.3d 1168, 1176 (9th Cir. 2007) (quoting Rule 23(b)).  *See also*, *Zinser v. Accufix Research*, 253 F.3d 1180, 1186 (9th Cir. 2001).

**MEMORANDUM DECISION AND ORDER - 6**

2551 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc."). To determine if that burden is satisfied, the court must conduct a "rigorous analysis" which, in some instances, may consider the merits of plaintiff's underlying claims. *See id.* at 2551-52 ("Frequently, that 'rigorous analysis' will entail some overlap with the merits of plaintiff's underlying claim. That cannot be helped. '[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'") (quoting *Falcon*, 457 U.S. at 160). Even so, any overlap of analysis into the merits should be no more extensive than necessary to ensure that the plaintiff has satisfied the rule. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1195 (2013) ("Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the [FRCP 23] prerequisites for class certification are satisfied.").

A.      **Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As a general guideline, a class that encompasses fewer than 20 members will likely not be certified absent other indications of impracticability of joinder, while a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone. *1 Newberg on Class Actions* § 3:12 (5th ed.). A court may draw reasonable inferences of class size from facts before it. *Sherman v. Griepentrog*, 775 F. Supp. 1383, 1389 (D. Nev. 1991).

**MEMORANDUM DECISION AND ORDER - 7**

The Court finds the numerosity requirement is satisfied. Even if some of the members' claims are barred by the statute of limitations as discussed above, the proposed class of approximately 47 members is still sufficiently numerous that individual joinder is impracticable.

**B.      Commonality**

A class has sufficient commonality if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Although the commonality requirement is "less rigorous" than the companion typicality requirements of FRCP 23(b)(3) (*see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)), it requires more than *any* question underlying all class members' claims. *See Wal-Mart*, 131 S. Ct. at 2551 ("Any competently crafted class complaint literally raises common 'questions.'") (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 131-32 (2009)). Instead, "'[w]hat matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Id*. (quoting Nagareda, *supra*, at 132) (emphasis in original). "The test or standard for meeting the [FRCP] 23(a)(2) prerequisite [of commonality] is qualitative rather than quantitative; that is, there need be only a single issue common to all members of the class." *Lewis v. First Am. Title Ins. Co.*, 265 F.R.D. 536, 555 (D. Idaho 2010) (quoting *Newberg on Class Actions* § 3:10). Thus, commonality requires that all class members' claims "depend upon a common contention," and that the common contention be "capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551.

On this record, the commonality requirement is satisfied. Richards's complaint alleges that Canyon County had a policy of requiring uniformed service members to use vacation leave,

**MEMORANDUM DECISION AND ORDER - 8**

or other similar leave or compensatory hours, for time spent during the employees' periods of service in the uniformed services.  Compl., ¶ 12.  In other words, whether uniformed services members employed by Canyon County were required to use vacation time when they were serving in the uniformed services is a common question whose answer is "apt to drive" a classwide resolution of Richards's claims.  Whatever factual dissimilarities may exist between the class members do not foreclose the existence of a remaining common question, the answer to which would resolve Richards's claims of USERRA violations.  *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012) ("The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.") (citing *Hanlon*, 150 F.3d at 1019); *Ginsburg v. Comcast Cable Commc'ns Mgmt. LLC*, 2013 WL 1661483, *5 (W.D. Wash. 2013) ("Where a plaintiff identifies at least one common question, differences between class members' claims are not relevant to the commonality inquiry.").

## C.    Typicality

Typicality exists where "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  As the United States Supreme Court explained:

> The commonality and typicality requirements of [FRCP] 23(a) tend to merge.  Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected.

*Falcon*, 457 U.S. at 157, n.13.  "'Typicality refers to the nature of the claim or defense of the class representative[s], and not to the specific facts from which it arose or the relief sought.'"

**MEMORANDUM DECISION AND ORDER - 9**

*Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Weinberger v. Thornton*, 114 F.R.D. 599, 603 (S.D. Cal. 1986).  "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).  In short, although they need not be substantially identical, representative claims are typical if they are "reasonably co-extensive with those of absent class members." *Hanlon*, 150 F.3d at 1020.

Richards seeks benefits that he claims were not provided to him as required by USERRA. The claims  of the proposed class are also tied to alleged violations of USERRA.  Other members in the proposed close have similar injuries, the alleged wrongful conduct is not unique to Richards (even if the conduct did not occur county-wide, the allegations are typical as to the Sheriff's department), and other class members would have been injured by same conduct.  The typicality requirement is satisfied.

**D.    Adequacy of Representation**

To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them.  *See Lewis*, 265 F.R.D. at 557 (citing *Hanlon*, 150 F.3d at 1020).  "Requiring the claims of the class representatives to be adequately representative of the class as a whole ensures that the interest of absent class members are adequately protected."  *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998). Under FRCP 23(a)(4), Plaintiff must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).   Whether he can adequately do so depends upon two questions: (1) do the named plaintiff and his counsel have any conflicts of interest with other class members, and

(2) will the named plaintiff and his counsel prosecute the action vigorously on behalf of the class?  *See id.* (citing *Hanlon*, 150 F.3d at 1020).

There is no facial conflict of interest between named Richards and other class members. The County argues there is a conflict because Richards is not entitled to any compensatory damages and this creates a conflict with potential members who may have such damages.  The Court will presume (without deciding) for this factor that Richards alleges a cognizable claim for damages – whether he will be awarded any damages and of what nature is for another day.  As to the second question, the Court is satisfied that Richards and his counsel will vigorously prosecute the lawsuit.

**E.      Predominance**

FRCP 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  Though akin to the commonality requirement of FRCP 23(a)(2) (indeed, FRCP 23's commonality and predominance requirements were frequently discussed in tandem within the parties' briefing and during oral argument), FRCP 23(b)(3)'s predominance inquiry already presumes the existence of common issues of fact or law. Therefore, "the presence of commonality alone is not sufficient" to satisfy FRCP 23(b)(3). *Hanlon*, 150 F.3d at 1022; *see also Amchem*, 521 U.S. at 624 (stating that predominance analysis under FRCP 23(b)(3) is "far more demanding" than commonality requirement); *see also Ginsburg*, 2013 WL 1661483 at *5 (unlike FRCP 23(a)(2)'s commonality requirement, "[i]n determining whether common issues predominate in accordance with [FRCP] 23(b)(3), . . . differences among class members' claims are crucial.").  In contrast to FRCP 23(a)(2), FRCP

**MEMORANDUM DECISION AND ORDER - 11**

23(b)(3) does require a qualitative focus on the relationship between the common and individual issues, requiring a finding that "the questions common to the class predominate over the questions affecting individual members." Fed. R. Civ. P. 23, Adv. Comm. Notes (1966 Amendments); *see also Newberg on Class Actions* § 4:49 ("Predominance therefore asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual cases.").

The predominance requirement is the most nettlesome of the issues raised by Richards's motion to certify. After having carefully considered the question, the Court concludes that the record is too sparse to draw conclusions upon whether the alleged "policy" of requiring the use of vacation time for military leave on weekend duty was applied to all Canyon County employees, or only to the Canyon County Sheriff's Department, or only to jail employees within the Sheriff's Department. It is unclear whether this "policy" was the product of some ad hoc practice, such as by informal direction of supervisors within the jail, or the product of adherence to a general, formalized, procedure. If the case hinges on what *each* member of the class was told by *each* of his or her supervisors, with their military leave sometimes treated one way and sometimes in another, then the predominance requirement may not be satisfied. If, on the other hand, either the County employees, or all Sheriff's Department employees, were required to use their vacation leave when they had military duty on the weekends as a matter of defined, express, procedure, then most likely the common issues would predominate over the individual. However, the record needs more definition for the Court to make that determination, and the Court will require additional briefing on this issue as well.[8]

---

[8] No doubt, the County would view this setting as one in which Richards has failed to meet his burden and that, accordingly, the motion ought to be denied. However, in the context of such cases, with the preference under the federal rules and Ninth Circuit case law that cases be

**MEMORANDUM DECISION AND ORDER - 12**

## CONCLUSION

Consistent with the foregoing, the Court will allow the parties until **Friday, February 21, 2014** to complete discovery on the issues identified above as needing further development, specifically whether Richards has standing and whether the predominance inquiry is satisfied. Each party then may file on a memorandum addressing the standing and predominance issues. The memorandum shall not exceed 15 pages and shall be filed *no later than* **Friday, March 7, 2014.**  Each party may file a response no longer than ten pages in length *no later than* **Friday, March 14, 2014.**  After receiving and reviewing the additional filings, the Court will issue a further written decision with a final decision upon Plaintiff's Motion for Class Certification.

## <u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that:

1.      Decision upon Plaintiff's Motion to Certify Class (Dkt. 14) is STAYED, PENDING FURTHER BRIEFING OF THE PARTIES.



DATED:  **January 7, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

determined on their merits, the Court decides in the exercise of its discretion that the interests of justice should allow for a further development of the record.  The County is not prejudiced by such a course; indeed, if the further discovery buttresses its position on the issue, its argument is enhanced.

**MEMORANDUM DECISION AND ORDER - 13**