# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| JAMES E. RICHARDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANYON COUNTY, a governmental entity and local political subdivision of the State of Idaho,<br><br>Defendant. | Case No.: CV 12-00424-S-REB<br><br>**SECOND MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO CERTIFY CLASS** |

Currently pending before the Court is Plaintiff James E. Richards' Motion to Certify Class (Dkt. 14). This case involved a claim brought under the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. § 4301, *et seq.* The Court previously issued an order on January 7, 2014 asking for further briefing on the issues of standing and the predominance inquiry under Fed. R. Civ. P. 23(b)(3). After consideration of such additional briefing, the Court concludes that its decision set out here upon the standing issue is dispositive of the case and the Court need not make further rulings upon class certification issues, including upon the question of predominance.

While a motion to certify a class is not the traditional setting for considering a defendant's argument that a case should be dismissed, the issue of standing must be resolved before class certification can be determined. It is procedurally proper to defer ruling on a class certification until it has been determined that a purported class representative has standing and

**MEMORANDUM DECISION AND ORDER - 1**

can state a claim. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022-23 (9th Cir. 2003) (citing *Newberg on Class Actions* for the proposition that "[i]f an individual plaintiff lacks standing, the court need never reach the class action issue.")

## STANDING

To satisfy Article III's standing requirements, the party invoking federal jurisdiction bears the burden to show that it has: (1) "suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . (b) actual or imminent, not conjectural or hypothetical;" (2) that the injury is "fairly trace[able] to the challenged action of the defendant;" and (3) that it "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted). The Defendant Canyon County ("County") contends that Richards has no standing to bring the claims raised in this lawsuit.

USERRA allows for recovery of lost wages or benefits, 38 U.S.C. § 4323(d)(1)(B), liquidated damages equal to the wages or benefits lost if the violation was willful, *id*. § 4323(d)(1)(C), equitable remedies, *id*. § 4323(e), and attorney fees. *Id*. § 4323(h). It does not allow recovery for punitive or emotional damages. *See Barreto v. ITT World Directories, Inc.*, 62 F. Supp. 2d 387, 395-96 (D.P.R. 1999). USERRA defines "benefit," "benefit of employment," and "rights and benefits" as the "terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) . . . and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, *vacations*, and the opportunity to select work hours

**MEMORANDUM DECISION AND ORDER - 2**

or location of employment." 38 U.S.C. § 4303(2) (emphasis added); *see also* 20 C.F.R. Part 1002.312.

When Richards left his employment with the County, he was paid for all his accrued vacation leave. The County argues that because Richards has been compensated with pay for all of his vacation time, either when used in conjunction with military leave or when his employment ended, there are no benefits for which he is entitled to be compensated. Richards contends he was injured through loss of his "vacation benefits" – that is, he contends that his choice to use vacation days for his regularly scheduled guard duty was anything but a choice, and even if he received pay for such "vacation" days (and would not have been paid if they had been simply unpaid leave days), he did not receive the "benefit" of being able to use his vacation days as he saw fit. Richards does not say, however, how he would be redressed for this purported injury. Further, even though Richards contends he was "required" to use vacation time for military leave, the records reflects that on several occasions, he did not use vacation leave for military service.[1]

The Court now has the benefit of the parties' supplemental briefing on this discrete issue, but the resolution of the question remains a nettlesome task. It is correct, as Plaintiff emphasizes in his briefing, that Congress intended for USERRA to protect the rights of those of our citizens who serve in the armed forces, including those in the reserves and National Guard, so that their opportunities and positions in the workplace are not abridged because of their service. USERRA

---

[1] In his deposition, Richards testified that in certain instances, such as for annual training, he was not required to use vacation leave. *See* Declaration of Brad Goodsell (Dkt. 19), Ex. C, Richards Dep., 52:1-21. *See also* Declaration of Brad Goodsell (Dkt. 41), Exs. R, S (Ex. S is a chart showing details from Richards' time sheets and indicates when he took military leave for which no vacation was used. This occurred on 13 occasions).

**MEMORANDUM DECISION AND ORDER - 3**

contains a prefatory section which sets out that sense of Congress, which provides among other things that the Act is intended to "encourage noncareer service . . . by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service" and "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301. Such language reflects an intention by Congress that USERRA was to both discourage employers from treating employees who were also serving in the armed forces any differently than other employees, and to provide redress for those persons who are treated differently.

Applying that tilt of the statutory table to this issue might at first seem to lend itself to a ruling that Richards' "choice," or lack thereof, as to when and where to use his vacation days are, in fact, one of those "benefits" to which the statute refers.[2] After all, the very nature of "vacation" is something other than "work," and there is no disputing the fact that guard duty is "work." But then, so is working in the garden, painting the house, changing the oil on the car, and myriad other tasks that someone might do on a day off from work. The important distinction here is not what one might do with that vacation day, but rather whether the employee is able to choose what he or she will do, or is required to use that vacation day on the same day as his or

---

[2] The County strenuously disputes Richards' argument in this regard, saying that neither Richards nor any other County employee has the "right" to decide when he will use his vacation days. The Court accepts that the County has the right to manage the use of vacation time by its employees (to say otherwise would be to say that every employee has the right to use their vacation time on the same days of the year, which would leave both jails and patrol cars unmanned), but the Court presumes for these purposes that – as with most workplaces – the County provides its employees an opportunity to request certain days for vacation, subject to the employer's approval, rather than the County dictating to the employee those dates on which the employee is required to take his or her vacation. Certainly, Ms. Eiband's Affidavit (Dkt. 20) suggests that is exactly the process used by the County.

**MEMORANDUM DECISION AND ORDER - 4**

her guard duty commitment. It is the latter scenario which Richards says was forced upon him here, and the Court agrees that Richards and others similarly situated can reasonably feel aggrieved, put-upon, disappointed, deprived, inconvenienced, and other adjectives as well, as a result of not being able to choose some other activity (or inactivity) for their vacation time. But, is the occurrence of such unhappiness over the fact that he had no choice in the manner and (the Court will presume for these purposes) would have chosen something else to do with his vacation time something for which he is entitled to be compensated under USERRA? The answer to that question is "no," and as a result, Richards has no standing to pursue these claims.

The Court reaches that decision from a careful review of the statutory language, and a review of those decisions of other courts that have addressed the issue, even if only obliquely. To begin, Congress has much experience in the writing of federal laws that create civil claims for relief, and in describing the nature of the damages that are available to an injured party bringing such a claim. USERRA is a statute unmistakably intended to discourage negative treatment of persons who are involved in armed services duty, and the remedies available to persons aggrieved by violation of the statute are remedial and equitable – for instance, the availability of injunctive relief, and the specific provision allowing compensation for the loss of wages or benefits. Even the additional amount available for willful violations referred to as "liquidated" damages is, by statute, tied directly to the amount for which one is directly compensated for any loss of wages or benefits.

In that context, Congress allows the affected service member to collect what are, in essence, most similar to contract damages – *i.e.*, the benefit of his or her employment bargain that would have existed but for his military service. This is similar to other employment

**MEMORANDUM DECISION AND ORDER - 5**

discrimination statutes, which allow for recovery of lost wages, but may not allow for what are traditionally considered tort remedies, such as pain and suffering, emotional distress, and so forth. Congress could have included an expanded universe of damages in USERRA, but did not do so. However, Congress has chosen to do so in other employment discrimination settings, such as the 1992 amendments to the types of damages available in a Title VII claim, to add punitive damages and damages for emotional distress. *See* Civil Rights Act of 1991, Pub. L. 102-166 (Nov. 21, 1991).

Significantly, Congress recently amended USERRA to make clear that the right to be free from a hostile work environment is among those benefits of employment guaranteed to the reserve and guard personnel, when the "Vow to Hire Heroes Act" was passed in 2011.[3] This was an opportunity to expand the scope of available remedies, in the way that has been done with other employment anti-discrimination statutes, but Congress did not do so.

Although the Court has not identified a case considering this issue on precisely the same facts as presented by Richards' Complaint here, there are analogous cases. None has recognized a claim for the "distress" (under whatever characterization might be used by Richards to articulate his discontent over his inability to chose to use all of his vacation days for something other than guard duty) of the sort at issue here. In *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 605 F. Supp. 2d 1220 (M.D. Ala. 2009), the automobile plant employee who was also an active member of the National Guard alleged that he had been harassed about his military service to the point of creating an abusive workplace. He argued that freedom from an abusive workplace was a benefit of his employment that USERRA was intended to protect, to which the trial court

---

[3] Pub. L. 112-56 (Nov. 21, 2011).

**MEMORANDUM DECISION AND ORDER - 6**

agreed. *Id.* at 1227-1228. However, the trial court found that he had no standing to pursue a claim under USERRA on such facts because he had no right to the damages he claimed under the provisions of USERRA:

> USERRA provides that a court may award three kinds of relief: it may require the employer to "(A)...comply with the provisions of this chapter," 38 U.S.C. § 4323(d)(1), "(B)...compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter," *id.*, and "(C)...require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful." *Id.* The statute further provides that, "The court shall use, in any case in which the court determines it is appropriate, its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter." 38 U.S.C. § 4323(e). *This remedial scheme conspicuously omits any recovery for mental anguish, pain and suffering, and punitive damages*. See *Vander Wal v. Sykes Enterprises, Inc.,* 377 F. Supp. 2d 738, 746 (DND 2005) (Holland, J.).
>
> Because Dees suffered no loss of wages or other benefits as a result of the alleged harassment against him, he would not be entitled to loss of wages or other benefits or any commensurate liquidated damages were he to prevail on his harassment claim. And because he is no longer working for HAMA, an injunction requiring HAMA and M.A. "to comply with the provisions of [USERRA]," 38 U.S.C. § 4323(d)(1)(A), it would be of no benefit to him. *In short, there is no relief the court can give Dees for the harassment he may have suffered.*

*Dees*, 605 F. Supp. 2d at 1229 (emphasis added). *Aff'd*, *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 368 Fed. Appx. 49, 52-53 (11th Cir. 2010).

Similarly, a consortium emotional distress claim brought by the partner of a USERRA plaintiff was dismissed because no derivative claim existed where the plaintiff spouse had no such claim, as "USERRA does not allow for the recovery of damages for mental anguish, pain or suffering." *Rivera-Melendez v. Pfizer Pharm., Inc.*, 747 F. Supp. 2d 336, 340 (D.P.R. 2010) (*citing Barreto v. ITT World Directories, Inc.*, 62 F. Supp. 2d 387, 395-396 (D.P.R. 1999).

It is entirely understandable that an employee might feel aggrieved when required

**MEMORANDUM DECISION AND ORDER - 7**

military service time is credited against employment vacation time which he or she might prefer to use in some other manner. However, USERRA simply does not allow Richards to seek damages of the only sort that he can articulate on these facts. If his claim was for a failure to pay him for vacation time, or to pay him for the days on which he used his vacation time for his guard duty days, the result here would be different. Similarly, if he was still working for the County and his averments were that the practice of which he complains was ongoing, then (without deciding here whether or not such a practice ultimately runs afoul of USERRA) Richards might have standing to further pursue this case because the equitable injunctive powers of the court would be available to remedy the wrong. But those are not these facts.

As in *Dees*, there is no relief which the Court can give for the injury Richards alleges to have suffered. The injury he alleges can only be described as one which is emotional distress, or pain and suffering, and USERRA does not permit recovery for such damages. He cannot recover liquidated damages, even upon a showing of willfulness, because there is nothing to "match" such liquidated damages upon.[4] He was compensated for all his vacation leave. The standing doctrine requires a showing of "substantial likelihood" that the relief requested will redress the injury claimed. *See Pacific Legal Found. v. State Energy*, 659 F.2d 903 (9th Cir. 1981). Richards cannot show a substantial likelihood that there is relief available to him that will redress his injury. Accordingly, he does not have standing to pursue this USERRA claim.

It is not necessary to further consider the issue of class certification and the case will be

---

[4] Richards makes the contention that he has standing to represent the class based on his claim for liquidated damages. *Pl.'s Mem.* (Dkt. 39), p. 5. While USERRA authorizes liquidated damages, they must be in "an equal amount to the amount referred to in subparagraph (B) . . ." 38 U.S.C. § 4323(d)(C). Subparagraph B addresses compensatory damages. If no compensatory damages can be awarded, there can be no award of liquidated damages.

**MEMORANDUM DECISION AND ORDER - 8**

dismissed.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Certify Class (Dkt. 14) is DENIED. Plaintiff's Complaint is hereby DISMISSED for lack of standing.

DATED: **March 26, 2014**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**